IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK CHAMBERS, et al.<br><br>Plaintiffs,<br><br>v.<br><br>CITY AND COUNTY OF SAN FRANCISCO<br><br>Defendant. | Case No.: C06-06346 WHA<br><br>[PROPOSED] ORDER GRANTING FINAL APPROVAL OF SETTLEMENT AGREEMENT<br><br>CLASS ACTION |

(Note: "[PROPOSED]" is shown struck through.)

Plaintiffs Mark Chambers, Woodrow Falls, Jr., M.H., Gerald Scott, and Mary T.; and the organizational Plaintiff, Independent Living Resource Center of San Francisco (ILRCSF) ("plaintiffs"), and defendant City and County of San Francisco have requested final approval from this Court of the Settlement Agreement filed as Exhibit 1 to the April 24, 2008 Declaration of Elissa Gershon.

The Court, having held a hearing and considered the joint moving papers for the parties and the Settlement Agreement, no objections being lodged, and for good cause appearing, finds that:

**WHEREAS**, the standards for approval as set forth in Federal Rule Civil Procedure 23(e)(2) are met in that the proposed Settlement Agreement is fair, reasonable and adequate as set forth below:

1. The standard by which a proposed settlement is to be evaluated is whether the settlement is fundamentally fair, adequate and reasonable. *Officers for Justice v. Civil Service Commission of the City and County of San Francisco*, 688 F.2d 615, 625 (9th Cir. 1982). This determination involves a balancing of factors which may include: "the strength of plaintiffs' case; the risk, expense, complexity, and likely duration of further litigation; the risk of maintaining class action status throughout the trial; the amount offered in settlement; the extent of discovery completed, and the stage of the proceedings; the experience and views of counsel; the presence of a governmental participant; and the reaction of the class members to the proposed settlement. The

- 1 -

*CHAMBERS ET. AL V. CITY AND COUNTY OF SAN FRANCISCO* CASE NO. C06-06346 WHA
[PROPOSED] ORDER GRANTING FINAL APPROVAL OF SETTLEMENT AGREEMENT

relative degree of importance to be attached to any particular factor will depend upon and be dictated by the nature of the claim(s) advanced, the type(s) of relief sought, and the unique facts and circumstances presented by each individual case." *Id*. at 625 (internal citations omitted).

### a. The Settlement Is Fair.

An examination of the fairness of a proposed settlement includes determining that the agreement is not the product of collusion between the negotiating parties. *Officers for Justice*, 688 F.2d at 625. In this case, the parties have demonstrated that the agreement has been reached as a result of "arms-length" negotiations, and that discussion of fees was kept separate from substantive discussions. In terms of the experience of counsel, Plaintiffs have been represented in this matter by non-profit legal services agencies, and the law firm of Howrey LLP, pro bono. Co-Counsel for the Plaintiffs are located nationwide and have extensive experience litigating systemic cases on behalf of individuals with disabilities. Co-counsel include the AARP Foundation Litigation in Washington D.C.; the Bazelon Center for Mental Health Law in Washington D.C.; Disability Rights and Education Defense Fund (DREDF) in Berkeley, CA; and Howrey LLP, a global law firm.

The proposed Settlement Agreement is also fair in that this is an action for declaratory and injunctive relief, not for money damages, and the relief afforded to named plaintiffs is not greater than that afforded to class members as a whole. The Agreement contains grievance procedures for Class Members as well as quality assurance and monitoring. The Agreement does not require class members to accept community-based services if they do not wish to receive those services. Finally, the Settlement Agreement affirmatively provides that no individual claims for damages by class members are waived pursuant to the Agreement.

### b. The Settlement Is Adequate.

Determination of the adequacy of a settlement includes the degree to which the primary concern of plaintiffs in filing the suit is addressed by the proposed agreement. *Officers for Justice*, 688 F.2d at 628. This Settlement Agreement addresses and disposes of all claims filed by Plaintiffs

- 2 -

*CHAMBERS ET. AL V. CITY AND COUNTY OF SAN FRANCISCO* CASE NO. C06-06346 WHA
[PROPOSED] ORDER GRANTING FINAL APPROVAL OF SETTLEMENT AGREEMENT

against Defendant.  Defendant has agreed to make significant changes in its home and community-based services systems, including but not limited to:

1) Increased access to community-based services including through access to the Medi-Cal Nursing Facility Waiver;

2) Creation of a Diversion and Community Integration Program (DCIP), an innovative, collaborative program of the San Francisco Departments of Public Health and Aging and Adult Services;

3) Enhancement of Case Management and Wrap-Around Services;

4) Enhancement of Mental Health and Substance Abuse Services;

5) A significant increase in community-based housing for class members, including preserving housing for class members who are hospitalized or at Laguna Honda for short term stays; the Laguna Honda Hospital Rental Subsidy Program ("LHHRSP"), through which San Francisco will secure independent, scattered-site housing for 500 class members over the next five (5) years; and access to other City-funded housing.

Plaintiffs' counsel will monitor San Francisco's compliance with the provisions of the Settlement Agreement for the duration of the Agreement, including through data collection and reporting activities, and assistance to class members with grievance procedures.  The Court will retain jurisdiction over the Agreement to ensure compliance.

**c.    The Proposed Agreement Is Reasonable.**

Significant factors in evaluating the reasonableness of a proposed Settlement Agreement are the risks at trial for both sides, the costs of continuing the litigation, and the delay and/or preclusion in achieving the favorable results for class members that continued litigation, including appeals, would entail.  *Officers for Justice*, 688 F.2d at 625.  This Settlement Agreement provides immediate, significant, and individually tailored benefits to class members without waiving individual damages claims.   Litigation of this case to its conclusion, including possible appeals, would have significantly delayed the provision of benefits to class members.   Based upon the evaluation of the

- 3 -

benefits to the Parties and unnamed class members offered by the Settlement Agreement, including the absence of any objections to the agreement, as well as the expense, delay and risk of going forward to trial, the Settlement Agreement presents a reasonable resolution of the dispute.

**WHEREAS**, Notice has been given to the Class in the manner directed by the Court; and

**WHEREAS**, There have been no objections to the Settlement Agreement;

**THEREFORE, IT IS HEREBY ORDERED THAT:**

1. Final approval of the Settlement Agreement filed as Exhibit 1 to the April 24, 2008 Declaration of Elissa Gershon is GRANTED.

2. Judgment is accordingly ENTERED.

3. The Court awards attorneys' fees as the Parties have jointly recommended in Sections XIV and XVIII of their Settlement Agreement.

4. The Court will retain jurisdiction over this matter for the purpose of assuring compliance with the terms of the Settlement Agreement, as set forth in Paragraph XV of the Agreement.

It is SO ORDERED.

DATED: September 18, 2008    _____
                              HON. W[ILLIAM ALSUP]
                              UNITED [STATES DISTRICT JUD]GE

*IT IS SO ORDERED — Judge William Alsup*

F:\DOCS\Chambers\PLEADINGS\Orders\Proposed order granting final approval.doc

- 4 -